JINA L. CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JASON M. HABERMEYER (Cal. Bar No. 226607)
  habermeyerj@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
RUTH L. HAWLEY (Cal. Bar No. 253112)
  hawleyr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 4:16-CV-02814-JSW |
| Plaintiff, | ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| v. | |
| JSG CAPITAL INVESTMENTS, LLC, JSG CAPITAL, LLC, JSG CAPITAL LLC, JSG ENTERPRISES, LLC, JASWANT S. GILL, AND JAVIER RIOS, | |
| Defendants, | |
| JSG MANAGEMENT GROUP LLC, | |
| Relief Defendant. | |

Plaintiff Securities and Exchange Commission (the "Commission") submits this Administrative Motion to Consider Whether Cases Should Be Related under Civil Local Rule 3-12(b) and Criminal Local Rule 8-1(a). The following cases pending in this District may be related:

1.   ***SEC v. JSG Capital Investments, LLC, et al.*, No. 4:16-cv-02814-JSW, filed May 25, 2016.** This is a civil enforcement action brought by the Securities and Exchange Commission, alleging that Jaswant S. Gill and Javier Rios engaged in a fraudulent securities offering and Ponzi

1  scheme through the purported investment firm JSG Capital Investments, LLC ("JSG") and JSG's
2  affiliated entities. The complaint alleges that Gill and Rios fraudulently raised approximately $10
3  million from nearly 200 investors through purported investment in private companies and other
4  investments in the stock market, when in reality the majority of investor funds were misappropriated
5  by Gill and Rios and to make Ponzi payments to earlier investors. The Commission's complaint
6  alleges that Gill, Rios, JSG, JSG Capital, LLC, JSG Capital LLC, and JSG Enterprises, LLC violated
7  Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b); 17 C.F.R.
8  § 240.10b-5] and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]. In addition, the
9  Commission alleges that defendants Gill and JSG violated Sections 206(1) and (2) of the Investment
10 Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2)]. Finally, the SEC also named as a relief
11 defendant JSG Management Group LLC and alleges that this entity received investor funds and/or
12 assets purchased with investor funds that were obtained through violations of the above-referenced
13 securities laws.
14         2.    *United States of America v. Jaswant Singh Gill, et al.*, **No. 3:16-cr-0218-WHO, filed**
15 **May 24, 2016**. This is a criminal indictment filed against Jaswant Singh Gill and Javier Carlos Rios,
16 alleging that defendants engaged in a scheme to defraud the investors of JSG. The indictment alleges
17 that Gill, Rios, and others at JSG made false and misleading representations and promises to investors
18 in JSG, including through purported investment in private companies, when in reality defendants
19 fraudulently stole investor funds for their own personal use and benefit and used investor funds to
20 make Ponzi payments to earlier investors. The United States charges Gill and Rios with two counts
21 of criminal conduct: Conspiracy to Commit Wire Fraud [18 U.S.C. § 1349], and Wire Fraud [18
22 U.S.C. § 1343]. The indictment also includes a criminal forfeiture allegation [18 U.S.C
23 § 981(a)(1)(C), 28 U.S.C. §2461(c)].
24         These actions concern substantially the same parties, property, transactions, and events. The
25 defendants named in the Criminal Action are also named in the SEC Action, and concerns the same
26 alleged scheme perpetuated through JSG and its affiliated entities. Both actions include the same
27 underlying alleged facts, *viz.*, that defendants fraudulently solicited investors into the scheme through

promises of purported investment in pre-IPO companies and then misappropriated investor funds for their own benefit and for the benefit of other insiders.  Finally, the actions also both allege that defendants used investor funds to pay earlier investors in a manner consistent with a classic Ponzi scheme.

Dated:  May 27, 2016                              Respectfully submitted,


                                            /s/ Jason Habermeyer
                                            JASON M. HABERMEYER
                                            ANDREW J. HEFTY
                                            RUTH L. HAWLEY
                                            Attorneys for Plaintiff
                                            SECURITIES AND EXCHANGE COMMISSION