JINA L. CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 schneidere@sec.gov
JASON M. HABERMEYER (Cal. Bar No. 226607)
 habermeyerj@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
 heftya@sec.gov
RUTH L. HAWLEY (Cal. Bar No. 253112)
 hawleyr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 4:16-CV-02814-JSW |
| Plaintiff, | ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| v. | |
| JSG CAPITAL INVESTMENTS, LLC, JSG CAPITAL, LLC, JSG CAPITAL LLC, JSG ENTERPRISES, LLC, JASWANT S. GILL, AND JAVIER RIOS, | |
| Defendants, | |
| JSG MANAGEMENT GROUP LLC, | |
| Relief Defendant. | |

Plaintiff Securities and Exchange Commission (the "Commission") submits this

Administrative Motion to Consider Whether Cases Should Be Related under Civil Local Rule 3-12(b)

and Criminal Local Rule 8-1(a).  The following cases pending in this District may be related:

1.     ***SEC v. JSG Capital Investments, LLC, et al.*, No. 4:16-cv-02814-JSW, filed May**

**25, 2016.**  This is a civil enforcement action brought by the Securities and Exchange Commission,

alleging that Jaswant S. Gill and Javier Rios engaged in a fraudulent securities offering and Ponzi

1   scheme through the purported investment firm JSG Capital Investments, LLC ("JSG") and JSG's

2   affiliated entities.  The complaint alleges that Gill and Rios fraudulently raised approximately $10

3   million from nearly 200 investors through purported investment in private companies and other

4   investments in the stock market, when in reality the majority of investor funds were misappropriated

5   by Gill and Rios and to make Ponzi payments to earlier investors.  The Commission's complaint

6   alleges that Gill, Rios, JSG, JSG Capital, LLC, JSG Capital LLC, and JSG Enterprises, LLC violated

7   Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b); 17 C.F.R.

8   § 240.10b-5] and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].  In addition, the

9   Commission alleges that defendants Gill and JSG violated Sections 206(1) and (2) of the Investment

10  Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2)].  Finally, the SEC also named as a relief

11  defendant JSG Management Group LLC and alleges that this entity received investor funds and/or

12  assets purchased with investor funds that were obtained through violations of the above-referenced

13  securities laws.

14       2.    *United States of America v. Jaswant Singh Gill, et al.*, No. 3:16-cr-0219-WHO, filed

15  **May 24, 2016**.  This is a criminal indictment filed against Jaswant Singh Gill and Javier Carlos Rios,

16  alleging that defendants engaged in a scheme to defraud the investors of JSG.  The indictment alleges

17  that Gill, Rios, and others at JSG made false and misleading representations and promises to investors

18  in JSG, including through purported investment in private companies, when in reality defendants

19  fraudulently stole investor funds for their own personal use and benefit and used investor funds to

20  make Ponzi payments to earlier investors.  The United States charges Gill and Rios with two counts

21  of criminal conduct:  Conspiracy to Commit Wire Fraud [18 U.S.C. § 1349], and Wire Fraud [18

22  U.S.C. § 1343].  The indictment also includes a criminal forfeiture allegation [18 U.S.C

23  § 981(a)(1)(C), 28 U.S.C. §2461(c)].

24       These actions concern substantially the same parties, property, transactions, and events.  The

25  defendants named in the Criminal Action are also named in the SEC Action, and concerns the same

26  alleged scheme perpetuated through JSG and its affiliated entities.  Both actions include the same

27  underlying alleged facts, *viz.*, that defendants fraudulently solicited investors into the scheme through

28

1  promises of purported investment in pre-IPO companies and then misappropriated investor funds for

2  their own benefit and for the benefit of other insiders.  Finally, the actions also both allege that

3  defendants used investor funds to pay earlier investors in a manner consistent with a classic Ponzi

4  scheme.

5

6  Dated:  May 31, 2016                    Respectfully submitted,

7

8                                         /s/ Jason Habermeyer
                                          JASON M. HABERMEYER
9                                         ANDREW J. HEFTY
                                          RUTH L. HAWLEY
10                                        Attorneys for Plaintiff
                                          SECURITIES AND EXCHANGE COMMISSION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28