JINA L. CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JASON M. HABERMEYER (Cal. Bar No. 226607)
  habermeyerj@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
RUTH L. HAWLEY (Cal. Bar No. 253112)
  hawleyr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 4:16-CV-2814-JSW |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** AND INSTRUCTIONS RE SERVICE |
| JSG CAPITAL INVESTMENTS, LLC, JSG CAPITAL, LLC, JSG CAPITAL LLC, JSG ENTERPRISES, LLC, JASWANT S. GILL, AND JAVIER RIOS, | |
| Defendants, | |
| JSG MANAGEMENT GROUP LLC, | |
| Relief Defendant. | |

1    This matter came before the Court on the motion of plaintiff Securities and Exchange
2 Commission (the "SEC" or the "Commission") for a temporary restraining order and other
3 preliminary relief (the "Motion"), to restrain and enjoin Defendants JSG Capital Investments, LLC,
4 JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and
5 Javier Rios ("Defendants") during the pendency of this case. *See* Dkt. No. 4. On May 27, 2016, the
6 Court issued an order granting in part the Commission's Motion (the "Order"). *See* Dkt. No. 24.

7    This Court also ordered Defendants and Relief Defendant JSG Management Group LLC to
8 show cause why the Court should not enter a preliminary injunction extending the asset freeze and
9 other relief granted in the Order until a final adjudication on the merits may be had. *Id.* Specifically,
10 the Commission now seeks an order: (1) Preliminarily enjoining Defendants from violating the
11 antifraud provisions of the federal securities laws and from engaging in specified conduct, (2)
12 Freezing specified assets of Defendants and Relief Defendant, (3) Prohibiting the destruction of
13 documents, and (4) Requiring accountings by Defendants.

14    The Court, having considered: (1) the Complaint filed by the Commission in this action, (2)
15 the Commission's Motion and the Memorandum of Law in support of the Motion, (3) the
16 Declarations of Ruth L. Hawley, John A. Roscigno, Tracy Johnston, Michelle Chung, and Alla
17 Karpuk, and all exhibits attached to those declarations, and any proceedings before the Court, finds
18 that:

19    A.    This Court has jurisdiction over the subject matter of this action, and as to all parties,
20 Defendants and Relief Defendant, and venue properly lies in this District.

21    B.    The Commission has made a sufficient and proper showing in support of the relief
22 granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15
23 U.S.C. § 77t(b)), Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C.
24 § 78u(b)), and Section 209 of the Investment Advisers Act ("Advisers Act") (15 U.S.C. § 80b-9) by
25 evidence establishing a prima facie case and a reasonable likelihood that Defendants JSG Capital
26 Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a.
27 Jason Gill, and Javier Rios have engaged in, are engaging in, are about to engage in, and will
28 continue to engage in, unless restrained and enjoined by order of this Court, transactions, acts,


practices and courses of business that constitute violations of Section 17(a) of the Securities Act (15 U.S.C. §77q(a)); Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5); and Sections 206(1) and (2) of the Advisers Act (15 U.S.C. §§ 80b-6(1), 80b-6(2)), and that Relief Defendant JSG Management Group LLC may be in possession of certain proceeds of those violations and has been unjustly enriched by such receipt.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendant will dissipate, conceal, or transfer assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is therefore appropriate for the Court to convert the previously ordered freeze on the assets and accounts of Defendants and Relief Defendant into preliminary relief that remains in place while this action is pending so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

D. Good cause exists to believe that an accounting of assets is necessary.

E. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

**I.**

IT IS HEREBY ORDERED that the SEC's Motion for an Order of Preliminary Injunction is GRANTED.

**II.**

IT IS FURTHER ORDERED that Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

  B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)).

### III.

IT IS FURTHER ORDERED that Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  A. employing any device, scheme or artifice to defraud;

  B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)), and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5)).

### IV.

IT IS FURTHER ORDERED that Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal

service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, and while engaged in the business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities:

 A. employing devices, schemes, and artifices to defraud clients or prospective clients; or

 B. engaging in acts, practices, or courses of business which operates or would operate as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and 206(2) of the Advisers Act (15 U.S.C. §§ 80b-6(1), 80b-6(2)).

## V.

IT IS FURTHER ORDERED that Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from until further order by this Court from, directly or indirectly participating in the issuance, purchase, offer, or sale of any security of or through any entity controlled by, or under joint control with, any of them, and in particular:

 A. This prohibition includes but is not limited to the securities described as "Fixed Return Investment Agreements," "Promissory Fixed Index Investment Agreement," "Promissory Compounded Fixed Index Investment Agreement," "Promissory Investment Note Agreement," "Promissory Conversion Investment Note Term Sheet Agreement,"  "Promissory Conversion Note Agreement," or "Promissory Conversion Investment Note Agreement," marketed by Defendants or any of them; and

 B. This prohibition includes but is not limited to the offer or sale of securities, and the acceptance of any money or anything of value by any Defendant for such securities.

**VI.**

IT IS FURTHER ORDERED that Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly soliciting any person or entity to purchase or sell any security, and recommending or advising any person or entity with respect to investing in any security.

**VII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, a freeze shall be remain on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-party payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios and Relief Defendant JSG Management Group LLC, including but not limited to the accounts listed below:

| ACCOUNT HOLDER | FINANCIAL INSTITUTION | ACCOUNT NUMBER |
|---|---|---|
| JSG Capital Investments, LLC | BBVA Compass | xxxxxx7924 |
| JSG Capital Investments, LLC | BBVA Compass | xxxxxx8157 |
| JSG Management Group LLC | Bank of America | xxxx xxxx 0645 |
| Jaswant Gill | Bank of America | xxxx xxxx 1032 |
| Jason Gill | Green Dot Bank | Unknown |
| Amit Lalji & Jaswant Gill | US Bank | xxxx xxxx 1710 |
| Amit Lalji & Jaswant Gill | US Bank | xxxx xxxx 7358 |

| | | |
|---|---|---|
| Javier Rios | San Diego Metro. Credit Union | xxxxx4110 |
| Javier Rios | Wells Fargo Bank | xxxxxx7628 |
| Javier Rios | Bank of America | xxxx xxxx 2431 |
| Javier Rios | Bank of America | xxxx xxxx 5624 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants JSG Capital Investments, LLC, JSG Capital, LLC, JSG Capital LLC, JSG Enterprises, LLC, Jaswant Gill, a.k.a. Jason Gill, and Javier Rios, and Relief Defendant JSG Management Group LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly:  destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), including any metadata that relates to such documents, pertaining in any manner to any of the Defendants or Relief Defendant.

## IX.

IT IS FURTHER ORDERED that Defendants, within seven (7) days of receiving actual notice of this Order, by personal service or otherwise, shall prepare and deliver to the Commission a detailed and complete accounting identifying:

A.     All transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and

the name, address, account number, and financial institution of the party making and the party receiving the transfer or payment);

      B.     In detail, the precise disposition of each transfer or payment identified in response to paragraph A above and all assets derived therefrom, including but not limited to:

- The nature and results of any investment in which the funds were used;
- Any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and
- Any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

      C.     By name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph A above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

      D.     Assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants, whether in the United States or elsewhere; and

      E.     All accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants, or in which Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2013 to the present.

      F.     A list of all street and mailing addresses (including without limitation postal box numbers), telephone or facsimile transmission numbers (including without limitation pagers and

mobile telephones), electronic mail addresses, safety deposit boxes, and storage facilities used by them or under their direct or indirect control, at any time since January 1, 2013.

In addition, the Defendants shall produce, or consent to the production of, internal accounting records maintained in QuickBooks or equivalent software.

IT IS SO ORDERED.

Dated: __June 10_____, 2016

_____
UNITED STATES DISTRICT JUDGE

It is further ordered that the Commission shall serve a copy of this order upon all Defendants and upon Amit Lalji, and shall file a proof of service with this Court.