JINA L. CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JASON M. HABERMEYER (Cal. Bar No. 226607)
  habermeyerj@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
RUTH L. HAWLEY (Cal. Bar No. 253112)
  hawleyr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>JSG CAPITAL INVESTMENTS, LLC, JSG CAPITAL, LLC, JSG CAPITAL LLC, JSG ENTERPRISES, LLC, JASWANT S. GILL, AND JAVIER RIOS,<br><br>        Defendants,<br><br>JSG MANAGEMENT GROUP LLC,<br><br>        Relief Defendant. | Case No. 16-CV-02814-JSW<br><br>PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SEPARATE CASE MANGEMENT STATEMENT<br><br>Case Management Conference<br>Date:  August 26, 2016<br>Time:  11:00 a.m.<br>Honorable Jeffrey S. White<br>Courtroom 5, 2nd Floor |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff Securities and Exchange Commission ("Commission") submits the following Separate Case Management Statement.

The Court's May 26, 2016 order pertaining to the case management conference provides that "[i]f any one or more of the parties is proceeding without counsel, the Parties may file separate case management statements." *See* Dkt. No. 20 at 2.  The Commission has not received notice or other information indicating that any of the defendants or relief defendant are represented by counsel in this matter.

Individual defendant Jaswant Gill is currently in pretrial custody awaiting trial in the related criminal matter *United States v. Jaswant Gill*, *et al*., No. 3:16-cr-0219-JSW.  He is represented in that case by Darlene Bagley Comstedt.  Ms. Bagley Comstedt informed the Commission that she does not represent Gill in this civil case, but asked that the Commission not speak with her client, and stated that should the Commission do so she would move to stay this action.

Individual defendant Javier Rios was confined and subsequently released on bond in the related criminal matter *United States v. Jaswant Gill*, *et al*., No. 3:16-cr-0219-JSW.  He is represented in that matter by Jerome Matthews.  Mr. Matthews informed the Commission that he does not represent Rios in this civil matter, but asked that the Commission not speak with his client, and stated he would instruct his client to not speak to the Commission.

The Commission has therefore not conferred with defendants Gill and Rios regarding the topics addressed by Rule 26(f) of the Federal Rules of Civil Procedure, and, pursuant to the Court's May 26, 2016 Order, is filing this Separate Case Management Statement.

1. **Jurisdiction and Service**

This Court has jurisdiction over the Commission's claims, all brought under federal securities laws, pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Sections 209(d), 209(e),and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d), 80b-9(e), and 80b-

14]. The Commission is not aware of any issues regarding personal jurisdiction or venue. All defendants and the relief defendant have been served, and no parties remain to be served. *See* Dkt. Nos. 22 and 31.

**2.     Facts**

The case involves an alleged fraudulent securities offering and Ponzi scheme perpetrated by defendants Jaswant S. Gill and Javier Rios through the investment firm JSG Capital Investments, LLC ("JSG") and affiliated entities JSG Capital, LLC, JSG Capital LLC, and JSG Enterprises, LLC (collectively, the "JSG Entities"). The Commission's complaint alleges that from September 2013 to May 2016, Gill and Rios fraudulently raised approximately $10 million from nearly 200 investors in the JSG Entities by promising guaranteed, fixed returns of up to 60 percent annually through purported investment in highly coveted, pre-initial public offering ("pre-IPO") shares of companies and other investments in the stock market. The complaint also alleges that Gill and Rios portrayed JSG as an authentic and prosperous investment firm, and lulled investors into believing that their money was secure. In reality, the Commission contends that JSG was a classic investment scam and Ponzi scheme. The Commission alleges that Gill and Rios transferred less than 1 percent of investor funds to JSG Entity brokerage accounts, and no "pre-IPO" company shares were ever purchased. Instead, the complaint alleges that Gill and Rios used millions in investor money to fund their lifestyle, and to make Ponzi payments to earlier JSG investors. To halt their alleged fraud and protect current and future investors, the Commission sought and obtained a temporary restraining order and preliminary injunction that enjoined defendants from continuing their allegedly unlawful conduct, froze assets, and secured other equitable relief.

Defendants did not answer the Commission's Complaint. Thus, it is not known which, if any, of the Commission's claims are disputed by defendants.

**3.     Legal Issues**

It is unknown at this stage in the litigation whether the Commission and defendants will dispute any particular points of law. In general, the relevant legal issues relate to whether the facts as alleged by the Commission support the claims, including the following issues:

A. Whether defendants are liable under Section 10(b) and Rule 10b-5 of the Exchange Act by employing a device, scheme, or artifice to defraud, by making false statements, or by engaging in an act, practice, or course of business that operated or would operate as a fraud or deceit upon any person. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.

B. Whether defendants are liable under Section 17(a) of the Securities Act by employing any device, scheme, or artifice to defraud, by obtaining money or property by means of any untrue statement, or by engaging in any transaction, practice, or course of business that operated or would operate as a fraud or deceit upon purchasers. *See* 15 U.S.C. § 77q(a).

C. Whether defendants Jaswant Gill and JSG Capital Investments, LLC are liable under Sections 206(1) and (2) of the Advisers Act by employing any device, scheme, or artifice to defraud, or by engaging in any act, practice, or course of business which operated or would operate as a fraud or deceit upon clients or prospective clients. *See* 15 U.S.C. §§ 80b-6(1), 80b-6(2).

**4. Motions**

On May 25, 2016, the Commission moved for a temporary restraining order seeking to enjoin defendants' conduct, freeze defendants' accounts, and ordering defendants to show cause why a preliminary injunction should not be granted. *See* Dkt. No. 4. The Court set a briefing schedule, and the Commission's Motion was heard on May 27, 2016. *See* Dkt. No. 17 (Order); Dkt. No. 23 (Minute Order). The Commission's request for a TRO was granted in part, and defendants were ordered to appear on June 10, 2016 to show cause why a preliminary injunction should not be granted. *See* Dkt. No. 24 (Order). The hearing on the order to show cause took place on June 10, 2016, and on that same date the Court entered an order granting the Commission's request for a preliminary injunction. *See* Dkt. No. 33 (Minute Order); Dkt. No. 34 (Order).

On May 27, 2016, the Commission filed a motion seeking consideration of whether this case should be related to a criminal case in which Jaswant Gill and Javier Rios were named as defendants, *United States v. Jaswant Gill, et al.*, No. 3:16-cr-0219-WHO, filed May 24, 2016. *See* Dkt. No. 25. On June 7, 2016, the Court entered a Reassignment Order in *United States v. Jaswant Gill, et al.*, No.

3:16-cr-0219-WHO, which reassigned that case from the Hon. William H. Orrick to the Hon. Jeffrey S. White.  On June 10, 2016, the Court granted the Commission's motion and ordered the cases related.  *See* Dkt. No. 32.

There are no pending motions.  Defendants failed to comply with the requirement in the Court's June 10, 2016 Order Granting Preliminary Injunction that defendants prepare and deliver to the Commission a "detailed and complete accounting" identifying the information specified in Section IX of that Order.  *See* Dkt. No. 24 at 6-8.  Defendants also failed to comply with the Order's requirement that defendants "produce, or consent to the production of, internal accounting records maintained in Quickbooks or equivalent software.  *Id*. at 8.  The Commission may move to enforce the Court's Order based on defendants' failure to comply with these requirements.

**5.     Amendment of Pleadings**

The Commission does not anticipate amending the Complaint.

**6.     Evidence Preservation**

Counsel of record for the Commission have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The Commission has taken reasonable and proportionate steps to preserve evidence, including electronically stored information, relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Commission served its Initial Disclosures on all defendants and the relief defendant through last known addresses on August 17, 2016.

**8.     Discovery**

The Court's May 27, 2016 Order granting in part the Commission's request for a TRO gave the Commission authority to commence limited, early discovery on (1) the location and/or dissipation of any relevant assets and (2) the identity, role and whereabouts of any co-conspirators.  *See* Dkt. No. 24 at 6.  Pursuant to that authority, the Commission propounded subpoenas under Rule 45 of the Federal Rules of Civil Procedure on various banks and financial institutions to obtain banking-related information for defendants Gill and Rios.

Pursuant to Rule 26(d)(1), the Commission is prohibited from seeking discovery from any source before the parties have conferred as required by Rule 26(f).  As indicated above, none of the defendants are represented by counsel in this matter, and the individual defendants' criminal counsel asked that the commission not speak with their respective clients, one of whom is incarcerated.  Thus, the Commission has been unable to confer with either individual defendant under Rule 26(f) and has thus been unable to seek formal discovery.  The Commission has, however, since the filing of its Complaint, continued its fact finding efforts, conducting numerous interviews with and collecting information from former employees, investors, and non-parties with knowledge of pertinent facts.  Subject to approval by the Court, the Commission intends to commence formal discovery following the August 26, 2016 Case Management Conference.

The Commission does not propose limiting the scope of discovery, and does not propose any limitations or modifications of the discovery rules.  The Commission has been unable to confer with defendants Gill and Rios for the reasons indicated above, and thus the parties have not conferred regarding any stipulated e-discovery order or a proposed discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

This case is related to the criminal matter *United States v. Jaswant Gill*, *et al*., No. 3:16-cr-0219-JSW.

**11.    Relief**

The Commission seeks a permanent injunction against defendants prohibiting them from (1) violating the applicable federal securities laws, (2) participating in the issuance, offer, or sale of any security of or through any entity controlled by, or under joint control with, any of them, and (3) soliciting any person or entity to purchase or sell any security.  The Commission also seeks an order requiring that (1) defendants and the relief defendant disgorge all ill-gotten gains, plus prejudgment interest thereon, in an amount to be determined by the Court, and (2) that defendants pay civil monetary penalties in an amount to be determined by the court.

**12.     Settlement and ADR**

As indicated above, counsel representing individual defendants Gill and Rios in the related criminal case requested that the Commission not contact their clients.  Thus, the Commission has not met and conferred with Gill or Rios pursuant to ADR Local Rule 3-5(a) to attempt to agree on an ADR process.

The Commission does not believe that a mediation or settlement conference would be beneficial at this time given that defendants are not represented by counsel in this matter and the fact that one of the defendants is incarcerated.

**13.     Consent to Magistrate Judge for All Purposes**

The Commission does not consent to a Magistrate Judge for all purposes.

**14.     Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

At this point in the litigation, the Commission is not aware of issues that can be narrowed by agreement or by motion, and does not have suggestions to expedite the presentation of evidence at trial.

**16.     Expedited Trial Procedure**

The Commission does not believe this case should be handled under the Expedited Trial Procedure.

**17.     Scheduling**

The Commission proposes the following schedule:

| | |
|---|---|
| Designation of experts | March 24, 2017 |
| Discovery Cutoff | May 26, 2017 |
| Deadline for the filing of dispositive motions | June 23, 2017 |

| Final pretrial conference | September 11, 2017 |
| Trial | September 25, 2017 |

**18.    Trial**

The Commission's Complaint does not request a jury trial.  The time period for defendants to demand a jury trial under Rule 38(b) of the Federal Rules of Civil Procedure has expired.  The case will therefore be tried to the Court.  The Commission estimates that the trial will take 10 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Under Local Civil Rule 3-15(a), the Commission is not required to file a certification.

**20.    Professional Conduct**

Counsel of record for the Commission have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

At this time the Commission is not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 17, 2016                     Respectfully submitted,

/s/ *Jason M. Habermeyer*
JASON M. HABERMEYER
ANDREW J. HEFTY
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION