STEVEN G. KALAR
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
1301 Clay Street, Suite 1350 N
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:    (510) 637-3507
jerome_matthews@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>   v.<br><br>JSG CAPITAL INVESTMENTS, LLC, et al.,<br><br>                    Defendants. | No. 16-CV-02814 JSW<br><br>**NOTICE OF MOTION AND MOTION REQUESTING WITHHOLDING OF DEFAULT JUDGMENT OR ALTERNATIVELY TO STAY SEC CIVIL PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:    15 September 2017<br>Time:   9:00 a.m. |

TO:   SECURITIES AND EXCHANGE COMMISSION, PLAINTIFF; AND JASON HABERYMAYER, ANDREW HEFTY AND RUTH HAWLEY, ATTORNEYS

PLEASE TAKE NOTICE  that on 15 September 2017 or as soon thereafter as counsel may be heard, defendant JAVIER RIOS, through his counsel of record, Assistant Federal Public Defender Jerome E. Matthews, will move the Court for an order to continue withholding default judgment in this proceeding or alternatively to stay any further proceedings in this action.  This

*SEC V. JSG CAPITAL INVESTMENTS, ET AL.*, CR 16-CV-02814 JSW
1

motion is made on the grounds that Mr Rios will be irreparably prejudiced in the defense of criminal proceedings against him in criminal matter CR 16-00219 JSW, United States v. Jaswant Singh Gill and Javier Carlos Rios, should default judgment be entered.

This motion is based upon the following memorandum of points and authorities, the Fifth Amendment to the constitution and all relevant statutory and case authority, and on such other evidence and argument as may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Preliminary Statement

Javier Carlos Rios is a named party defendant in United States v. Jaswant Singh Gill and Javier Carlos Rios, CR 16-00219 JSW ("the criminal matter"). Mr Rios is indigent and cannot afford to retain counsel, and the Court has appointed the Federal Public Defender to represent him. For the same reason of indigence, Mr Rios is unable to obtain counsel to represent in this enforcement action brought by the Securities and Exchange Commission ("SEC") and he has not appeared in the SEC action. Accordingly, the Court has granted the SEC's motion for default judgment against him and indicated its intention to enter the judgment unless Mr Rios appears in the proceeding and responds to the allegations against him within 14 days following the SEC's service of the Court's order granting the SEC's motion.

For the reasons discussed *post*, Mr Rios asks the Court to continue withholding judgment and/or stay further proceedings in this action, pending resolution of the criminal matter.

### 2. Argument

Although a stay of civil proceedings pending resolution of related criminal proceedings is not constitutionally required, the district court nonetheless has discretion to stay proceedings in the interests of justice. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Among the factors the district court must consider are:

*SEC V. JSG CAPITAL INVESTMENTS, ET AL.*, CR 16-CV-02814 JSW
2

Whether the civil proceedings implicate the defendant's fifth amendment rights;

The civil plaintiff's interest in proceeding expeditiously;

The burden the civil proceedings may impose on the defendant;

The court's interest in efficient use of judicial resources;

The interests of third parties; and,

The public interest in both the civil and criminal litigation.

*Keating*, 45 F.3d at 325.

Mr Rios believes the foregoing factors weigh in favor of withholding judgment or staying further proceedings.

Fifth Amendment Rights

First, Mr Rios's fifth amendment rights are squarely implicated.  "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."  *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).  Here, the allegations in the SEC action are identical to and co-extensive with the criminal case.  Many of the witnesses interviewed in the SEC matter also have been interviewed by the FBI case agents in the criminal case.  Moreover, if Mr Rios was forced to appear and answer questions posed by the SEC in discovery or deposition, he would have to invoke his right against self-incrimination.

Expeditious Resolution of the SEC Proceeding

The SEC's interest in expeditious resolution, while often compelling, is less so here.  JSG Capital is no longer operating, so there is no need for the SEC to monitor it for securities violations or to seek further injunctive relief.  For the same reasons, there is no need to prevent investors from ongoing harm.

So too with respect to examining or protecting third parties. Based on a review of the discovery in the criminal case and his own investigation, Mr Rios believes that the SEC has obtained discovery from numerous investors and other witnesses. At this stage of the case, therefore, a stay or further withholding of the judgment will not prejudice the SEC's ability to obtain relief. This is especially true now that Jaswant Gill, the principal defendant in both the civil and criminal cases, has pleaded guilty to thirteen counts of wire fraud in connection with the conduct that underlies both proceedings.

Burden Imposed on Mr Rios

To the extent Mr Rios is required to appear in the SEC action prior to resolution of the criminal case, he is significantly burdened. He cannot effectively participate in the SEC action without waiving his fifth amendment rights, and he cannot effectively defend himself in the criminal matter without preserving his fifth amendment rights.

Judicial Efficiency

Judicial efficiency should not be an obstacle to the relief Mr Rios requests. In a similar case, Judge Koh of this Court found that judicial efficiency would actually be furthered by staying the SEC proceedings where, as here, the defendants in the related criminal case had not yet responded to the allegations of the SEC complaint. *See Securities and Exchange Commission v. Alexander*, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010), citing *Taylor, Bean & Whitaker Mrtg. Corp. v. Triduanum Financial, Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (stay would be efficient use of judicial resources where "[n]o answer has been filed . . ."). Although this case has proceeded to the point where the SEC is seeking judgment, it would not burden this Court to await resolution of a criminal case involving the same underlying claims and parties, and over which it presides.

Interest of Third Parties and the Public

Finally, neither the interests of non-parties nor the public will be substantially affected if this Court continues to withhold judgment or grants a stay. The SEC soon will be in a position to recoup funds from Mr Gill and any entities he controlled through its own enforcement mechanisms and by virtue of his guilty plea and any court-ordered restitution. Withholding judgment or staying this matter as to Mr Rios will not undermine those efforts.

In light of the foregoing, Mr Rios believes that the relevant factors weigh in favor of withholding judgment in this case or staying further proceedings, pending the outcome of the criminal case.

**3. Conclusion**

For the reasons stated, Javier Carlos Rios respectfully requests that the Court continue to withhold judgment in this case or stay further proceedings, pending the outcome of the criminal case.

Dated: 8 August 2017                         Respectfully submitted,

                                             STEVEN G. KALAR
                                             Federal Public Defender

                                               /s/ Jerome E. Matthews

                                             JEROME E. MATTHEWS
                                             Assistant Federal Public Defender

*SEC V. JSG CAPITAL INVESTMENTS, ET AL.*, CR 16-CV-02814 JSW

5