JINA L. CHOI (N.Y. Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JASON M. HABERMEYER (Cal. Bar No. 226607)
  habermeyerj@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
RUTH L. HAWLEY (Cal. Bar No. 253112)
  hawleyr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 28th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>JSG CAPITAL INVESTMENTS, LLC, JSG CAPITAL, LLC, JSG CAPITAL LLC, JSG ENTERPRISES, LLC, JASWANT S. GILL, AND JAVIER RIOS,<br><br>            Defendants,<br><br>JSG MANAGEMENT GROUP LLC,<br><br>            Relief Defendant. | Case No. 16-cv-2814 JSW<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT RIOS' MOTION REQUESTING WITHHOLDING OF DEFAULT JUDGMENT OR ALTERNATIVELY TO STAY SEC CIVIL PROCEEDING**<br><br>Date:    September 15, 2017<br>Time:    9:00 a.m.<br>Judge:   Hon. Jeffrey S. White<br>Place:    Courtroom 5, Second Floor |

## I. INTRODUCTION

Throughout the entire 15 month span of this litigation, Defendant Javier Rios had ample opportunity to indicate an intent to defend this case. Each and every time – from the motion for a temporary restraining order, motion for preliminary injunction, multiple case management conferences, propounded discovery, to, ultimately, the motion for default judgment – Defendant failed to appear or so much as offer any response demonstrating that he intends to contest the allegations against him.

Now, at this literal eleventh hour and after this Court adopted Magistrate Judge Spero's recommendation and granted the Commission's motion for default judgment, Defendant, through his criminal counsel, requests that the Court either withhold entering final judgment or stay this action indefinitely. Defendant does not dispute that he received all of the filings throughout this litigation. Nor does he claim that he did not appreciate the gravity of failing to appear in this case despite repeated directives warning him of the consequences for doing so. Indeed, Defendant's Motion does not even suggest that he has *any* defense to the allegations against him nor does he express *any* intent to mount a defense following the resolution of his criminal case. Instead, his Motion contains a cursory application of the Ninth Circuit factors to stay a civil case pending the resolution of a parallel criminal action solely to delay the inevitable.

As discussed below, Defendant's Motion is procedurally deficient and substantively hollow. First, Defendant's Motion fails to adhere to this Court's August 8, 2017 Order to "appear and answer the SEC's allegations." The Court warned that should Defendant fail to do so, it would enter final judgment. Second, Defendant's Motion should be stricken because Defendant moved this Court for a stay without first seeking relief from the entry of default against him. This entry of default cuts off Defendant's right to appear until the default is lifted. Finally, even if the Court were to entertain the substance of Defendant's request, application of the factors would not warrant a stay. In particular, Defendant's Fifth Amendment rights are not truly implicated where he has failed to defend the case or actually assert the privilege. For these reasons, Defendant's Motion should be denied and the Court should enter final judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The timeline of this case shows that Defendant was provided notice of all the filings in this matter and had at least a dozen opportunities to appear, but failed to defend this action at every step:

- The Commission filed this case on May 25, 2016 on an emergency basis, seeking a temporary restraining order ("TRO"). *See* Dkt. Nos. 1, 4. That same day, the Commission emailed the Complaint, Motion for TRO, and all filings in support of the Motion to Defendant. *See* Dkt. Nos. 5, 18.

- On May 25, 2016, the Court ordered all defendants to file a written response to the Commission's application for a TRO by the next day, and set the hearing date for the TRO for May 26, 2016. Dkt. No. 17. The Commission provided notice of the Court's order on the same date to Rios (Dkt. No. 18), who failed to respond to the Commission's Motion or to appear at the May 27, 2016 hearing. Dkt. No. 23.

- On May 27, 2016, the Court granted the Commission's request for a TRO and ordered defendants to appear on June 10, 2016 to show cause why a preliminary injunction extending the relief granted should not be entered. Dkt. No. 24. The SEC provided notice of the Court's order on the same date to Rios. Dkt. No. 26.

- On June 1, 2016, Rios was personally served with a copy of the summons and complaint, along with the other filings to date. *See* Dkt. No. 31. Defendant failed to oppose the motion for preliminary injunction or to appear at the June 10, 2016 hearing. Dkt. No. 33.

- On June 10, 2016, the Court granted the Commission's motion for a preliminary injunction against all defendants. Dkt. No. 34. Defendant was personally served with a copy of the Court's order on June 24, 2016. Dkt. No. 38.

- Defendant was also personally served on June 1, 2016 with the Court's May 25, 2016 Order, which set August 19, 2016 as the last day to complete Initial Disclosures and file a Case Management Statement, and set the Initial Case Management Conference for August 26, 2016. Dkt. Nos. 19, 31. On August 17,

2016, the Commission served its Initial Disclosures on all defendants. *See* Dkt. No. 41. Rios failed to serve Initial Disclosures. *Id.*

- On August 26, 2016, the Court held the initial case management conference. *See* Dkt. No. 43. Rios failed to submit a case management statement or appear at the conference. *See* Dkt. No. 43.

- On August 29, 2016, the Court issued an order that, *inter alia*, notified all defendants "that if they fail to appear and defend this action in compliance with all applicable rules and other law, this case will proceed in their absence and the Court may enter a default judgment against them." Dkt. No. 45. The Commission personally served Rios with the Court's order on August 30, 2016. Dkt. No. 46. Defendant did not answer the Complaint or otherwise appear or defend the action.

- The Commission also propounded at least 18 Rule 45 subpoenas on third parties, including third-party subpoenas on banks and other financial institutions to obtain banking-related information for Defendant. *See* Dkt. No. 41; *see also* Declaration of Jason M. Habermeyer In Support of Plaintiff Securities and Exchange Commission's to Defendant Rios' Motion Requesting Withholding of Default Judgment or Alternatively to Stay SEC Civil Proceeding ("Habermeyer Decl.") ¶ 2. Rios was served with these 18 Rule 45 subpoenas issued by the Commission, but did not object or otherwise respond to any of them. *Id.* ¶ 3.

- On February 9, 2017, the Commission requested that the clerk enter default against Defendants Rios and Gill for failing to respond to the complaint. Dkt. No. 50. The clerk entered the default on February 10, 2017. Dkt. No. 51.

- On February 15, 2017, the Commission moved for default judgment against Rios and all other defendants. Dkt. No. 52. The Commission provided notice of the motion on the same date to Rios via U.S. Mail (Dkt. No. 46), and personally served him with a copy of the motion on March 22, 2017. Habermeyer Decl. ¶ 4.

1    Rios failed to respond to the Commission's motion or appear at the March 31,
2    2017 hearing.  *See* Dkt. No. 56.

- On April 14, 2017, the Commission submitted a supplemental memorandum in support of its motion for default and served a copy of the same on Rios. Dkt. No. 57. Rios did not respond to the memorandum.

- On June 30, 2017, Chief Magistrate Judge Joseph C. Spero issued a Report and Recommendation to grant the Commission's motion for default judgment. Dkt. No. 59. The Commission personally served a copy of the Report and Recommendation on Rios on July 7, 2017. *See* Dkt. No. 60. Rios did not respond or appear in the action at that time.

Only now, nearly 15 months since the inception of this litigation, and after this Court issued an order adopting Chief Magistrate Judge Spero's Report and Recommendation and granting the Commission's motion for a default judgment (Dkt. No. 61), has Defendant Rios surfaced in the case. He now requests that the Court withhold judgment or alternatively stay the case. For the reasons discussed below, Defendant's request should be denied.

**III.    ARGUMENT**

**A.    Defendant Rios Failed to Comply with the Court's August 8, 2017 Order to Answer the SEC's Complaint.**

As a threshold matter, Defendant's motion should be denied because Defendant fails to comply with this Court's August 8, 2017 Order. In adopting Chief Magistrate Judge Spero's Report and Recommendation, the Court conditionally granted the Commission's motion for default judgment subject to permitting defendants "one final opportunity to appear and answer the SEC's allegations." Dkt. No. 61. The Court ordered the Commission to serve a copy of the Order on defendants and stated that if, within 14 days after service, defendants "failed to appear and answer the SEC's allegations, the Court will enter" final judgment. *Id.*

Whether or not Defendant's motion, submitted through criminal defense counsel, constitutes an appearance in this action is questionable at best. More importantly, however, Defendant failed to adhere to the Court's directive to "answer the SEC's allegations" against

1  him. The motion does not so much as address or even reference whether or not Defendant has
2  any defense to the allegations. Defendant's Motion should thus be denied for what it is: a tactic
3  to delay the inevitable and prevent finality in a case that for 15 months Defendant has willfully
4  and repeatedly ignored. *See SEC v. Johnson*, No. 01-cv-7874-DTKH, Slip op. at 2-3 (S.D. Fla.
5  Aug. 28, 2002) (denying motion to stay pending conclusion of related criminal case where
6  defendants had not appeared or responded to notices of hearings and allowing defendants "to act
7  in such a fashion and at the same time grant them a stay of these proceedings is absurd").

8  **B.   Defendant's Motion Should Be Stricken Because Defendant Failed to Seek Relief from the Clerk's February 10, 2017 Entry of Default.**
9

10  The Court should not entertain Defendant's motion to withhold judgment or to stay
11  proceedings because Defendant lacks standing to make such a motion. On February 10, 2017,
12  the clerk entered default against Defendant at the request of the Commission due to Defendant's
13  failure to appear. Dkt. No. 51. This entry of default cuts off Defendant's right to appear in the
14  action until the entry of default is lifted. *See Fresh & Best Produce, Inc. v. Oaktown Ventures,*
15  *LLC*, 2017 WL 2533663, at *1 (N.D. Cal. June 12, 2017) ("Defendants are not entitled to present
16  argument unless and until they obtain relief from the Clerk's entry of default") (citing
17  Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, at ¶ 6:6 (2017 ed.));
18  *Verliant Energy, Inc. v. Barry*, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015) ("If Barry
19  wishes to appear in this action, his remedy is to move to set aside his default. Until such a
20  motion is made and granted, however, he no longer has the right to address the Court"). Having
21  failed to lift the default, Defendant's motion should be stricken.
22  Defendant's motion on its face, however, demonstrates that any attempt to lift the default
23  will not be successful. The Court has the power to set aside the entry of default "for good
24  cause." Fed. R. Civ. Proc. 55(c). The standard as set forth by the Ninth Circuit is one of
25  "excusable neglect," which in turn looks to three factors: whether the defendant's culpable
26  conduct led to the default, whether the defendant has a meritorious defense, and whether the
27  reopening (or lifting) the default would prejudice the plaintiff. *TCI Grp. Life Ins. Plan v.*
28  *Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v.*

*Egelhoff*, 532 U.S. 141 (2001). This test is "'disjunctive,' meaning that the district court is free to deny the motion if any of these three factors is shown to exist." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir. 2000).

Here, Defendant does not dispute that he received all of the pertinent filings in this case or offer any reason why he failed to respond. *See TCI Grp. Life Ins. Plan*, 244 F.3d at 697 ("a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer"). Moreover, Defendant's motion does not articulate that he has *any* meritorious defense here. To do so, Defendant must "present the district court with specific facts that would constitute a defense." *Franchise Holding II, LLC v. Huntington Restaurant Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "Conclusory statements that a dispute existed" or that provide a "general denial without facts to support it is not enough to justify vacating a default or default judgment." *Id.* (quotations omitted). By failing to offer any facts that would show why his failure to answer or appear in this case should be excused, and by failing to present specific facts he intends to offer in his defense, Defendant has not established why the default should be lifted, and his motion should therefore not be considered.

### C. None of the Elements Necessary For a Stay Are Present.

Defendant contends that a stay is appropriate here under the factors set forth by the Ninth Circuit in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995). However, as set forth in *Keating*, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Id.* at 324. To the contrary, such a stay "is an extraordinary remedy reserved for 'really extraordinary causes.'" *Herrera v. United States*, 2010 U.S. Dist. LEXIS 14233, at *2 (S.D. Cal. Feb. 18, 2010) (citation omitted).

To this end, several courts have denied a stay of civil proceedings pending the resolution of a related criminal case as a means to avoid default. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453-54 (2d Cir. 2013) (upholding denial of stay where defendant repeatedly failed to engage in discovery and was thus subject to default under Rule 37); *SEC v. First Fin. Grp., Inc.*, 659 F.2d 660, 666-68 (5th Cir. 1981) (upholding default and concluding that stay not warranted where defendants did not seek protective order or object to specific

information sought by SEC; "[i]nstead, appellants simply refused to respond at all to the SEC's discovery requests"); *SEC v. Spangler*, 2014 WL 11878442, at *1 (W.D. Wash. Oct. 13, 2014) (denying stay and entering default where defendant failed to answer complaint or otherwise respond); *Parlin Funds LLC v. Gilliams*, No. 11-cv-2534-JGK-MHD (S.D.N.Y. Jan. 9, 2012).

*Parlin Funds* is instructive and analogous to the facts here. In that case, defendant moved to stay the civil suit for fraud pending the resolution of a criminal proceeding against him. No. 11-cv-2534-JGK-MHD, Slip Op. at 1. However, defendant had "been in virtually complete default" prior to the filing of the criminal action by failing to respond to discovery requests and multiple court orders. *Id.* at 2. The court rejected the defendant's motion for stay, stating that defendant's request sought "to further avoid the consequences of his own derelictions in this case . . . to stall plaintiffs' ability to seek a resolution of their long-pending claims." *Id.*

Here, Defendant has known about the criminal action during the entire course of this litigation, and yet has never responded to the allegations against him or otherwise engaged in this case, including seeking a stay of proceedings. Defendant cannot simply wait until the proverbial eleventh hour to seek a stay as a means to avoid default, where he has not demonstrated any basis under law or fact that would allow him to do so. However, even assuming that Defendant was not in default and the Court were to evaluate Defendant's motion to stay under the *Keating* factors, as shown below each of the factors weighs in favor of the Commission to deny the request for a stay.

### 1. There Is No Current Impact On Defendant's Fifth Amendment Rights

Defendant's claim that his Fifth Amendment privilege against self-incrimination is "squarely implicated" because of the possibility that he may be "forced to appear and answer questions posed by the SEC in discovery or deposition" (Mot. at 3) misconstrues the scope of the privilege and procedural posture of this case. "A defendant has no right to a stay unless he can demonstrate an exceptional situation threatening his Fifth Amendment rights that outweighs the pertinent considerations of the burdens on the plaintiff, the court, the non-parties and the public." *U.S. Legal Support, Inc. v. Hofioni*, 2016 U.S. Dist. LEXIS 18638, at *6-7 (E.D. Cal. Feb. 16, 2016) (citation omitted).

The Fifth Amendment privilege "applies only when the accused is compelled to make a testimonial communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408 (1975). Defendant has never been under any such compulsion to date, and he cannot assert a blanket invocation of his Fifth Amendment rights. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) ("the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question") (citation omitted).

But even assuming that Defendant's Fifth Amendment rights were at issue, the analysis "turns upon the *extent* to which his Fifth Amendment rights are implicated." *See SEC v. Braslau*, 2015 U.S. Dist. LEXIS 173051, at *7 (C.D. Cal. Dec. 29, 2015) (citation omitted). Defendant certainly has a constitutional right to invoke Fifth Amendment protections, but he does not have a right to be free from the burden of making that choice and presenting a defense in this action. *See Keating*, 45 F.3d at 326 ("[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege"); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 482 (N.D. Cal. 1987) (denying request for stay and stating that "[c]ourts have held that the defendant must make the choice whether to plead the fifth amendment, rather than forcing a delay in plaintiffs' recovery") (citation omitted).

Here, Defendant never engaged in this litigation to allow the SEC to put him to the test of choosing to testify or assert his Fifth Amendment protection. Having chosen to ignore this case entirely, Defendant cannot now claim that he would have simply invoked his right against self-incrimination, thus freeing him from the burden of defending this litigation. If that were the case, defendants in civil suits would never have to appear where a parallel criminal action is present. Moreover, Defendant's argument overlooks the fact that as a party to this litigation, he is still bound with appearing and responding with information that does *not* infringe on his Fifth Amendment rights. *See FTC v. J.K. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000) (denying request for stay pending resolution of criminal case as "nothing prevents [defendants] from responding with information that does not tend to incriminate him").

Defendant's argument also overlooks the fact that to the extent this litigation ever proceeded to the point where Defendant invoked the privilege, the Commission would likely be

SEC V. JSG CAPITAL INVESTMENTS, LLC        8        SEC'S OPPOSITION TO MOTION FOR STAY
CASE NO. 16-CV-2814 JSW

entitled to an adverse inference from his refusal to answer. *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1988) ("[p]arties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof").

In sum, Defendant's Fifth Amendment rights are not sufficiently implicated to warrant a stay of the proceedings here.

### 2. The Commission Would Be Prejudiced By An Indefinite Delay

Defendant claims that the Commission will not be prejudiced by a stay because of the lack of ongoing harm. Mot. at 3. Defendant overlooks the prejudice the Commission will incur here due to the indefinite delay Defendant is seeking. A stay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *see also Edward/Ellis v. New United Motors Mtg. Inc.*, 2008 U.S. Dist. LEXIS 88900, at *4 (N.D. Cal. Oct. 22, 2008) (denying stay and noting risks of witnesses' memories fading or becoming unavailable if stay granted). This case concerns misconduct that dates back to at least 2013, and the Commission has a paramount interest in proceeding expeditiously and driving this case towards a resolution, particularly where Defendant has refused to appear or engage throughout the entire course of this litigation.

### 3. The Burden On Defendant Is No Greater Than In Any Other Civil Case

Defendant contends that he will be "significantly burdened" if he is required to appear in this action prior to the resolution of the parallel criminal case. Mot. at 4. Not so. Defendant cites no authority – and we know of none – that allows a defendant in a civil case to not appear, answer, or defend a case simply where there is a parallel criminal case. Defendant's claim that he cannot "effectively participate" in the action without waiving his Fifth Amendment privilege is also without merit. For the reasons discussed above, the fact that Defendant may assert his Fifth Amendment privilege does not relieve him from the burden of doing so. There are no sufficient burdens on Defendant to warrant a stay here.

### 4. A Stay Would Not Promote the Use of Efficient Judicial Resources

This Court has an interest in the expeditious resolution of its cases. *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (affirming denial of stay).

SEC V. JSG CAPITAL INVESTMENTS, LLC        9        SEC'S OPPOSITION TO MOTION FOR STAY
CASE NO. 16-CV-2814 JSW

1  Defendant claims that judicial efficiency would not be an obstacle here because no
2 answer has been filed. Mot. at 4. Defendant misses the point. The fact that there is no answer is
3 precisely why we are here, on a default judgment. Had Defendant sought a stay some many
4 months ago, perhaps judicial resources could have been preserved. However, for 15 months now
5 Defendant has wasted judicial and governmental resources. A stay here to put off the inevitable
6 would not promote the efficiency of these resources.

7  **5. Nonparties Would Be Prejudiced By An Indefinite Delay**

8  Defendant argues that the interests of non-parties will not be substantially affected if the
9 Court grants a stay. Mot. at 5. Defendant is wrong. The interests of the JSG investor-victims in
10 recovering the money stolen by the defendants weighs against a stay here. *See J.K. Publ'ns, Inc.*,
11 99 F. Supp. 2d at 1197.

12  **6. The Public Has An Interest In the Prompt Resolution of This Case**

13  The public has a strong interest in the SEC's ability to effectively regulate the securities
14 markets and the prompt resolution of cases. *See SEC v. Mantria Corp.*, 2012 U.S. Dist. LEXIS
15 72959, at *8-9 (D. Colo. May 25, 2012) (citations omitted). As the agency charged with
16 enforcement of the federal securities laws, "the SEC must be able to respond quickly to securities
17 violations and seek prompt judicial redress." *Braslau*, 2015 U.S. Dist. LEXIS 173051, at *9
18 (citations omitted).

19 **IV.   CONCLUSION**

20  For the reasons set forth above, the Court should deny Defendant Rios' Motion to
21 withhold default judgment or to stay this proceeding, and enter a final judgment as set forth in
22 the Court's August 8, 2017 Order.

23

24 Dated:  August 22, 2017                       Respectfully submitted,

25

26                                              */s/ Jason M. Habermeyer*
                                                JASON M. HABERMEYER
27                                              ANDREW J. HEFTY
                                                RUTH L. HAWLEY
28                                              Attorneys for Plaintiff
                                                SECURITIES AND EXCHANGE COMMISSION