STEVEN G. KALAR
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
1301 Clay Street, Suite 1350 N
Oakland, CA 94612
Telephone:     (510) 637-3500
Facsimile:     (510) 637-3507
jerome_matthews@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 16-CV-02814 JSW |
| Plaintiff, | **JAVIER RIOS'S REPLY IN SUPPORT OF MOTION REQUESTING WITHHOLDING OF DEFAULT JUDGMENT OR ALTERNATIVELY TO STAY SEC CIVIL PROCEEDING** |
| v. | |
| JSG CAPITAL INVESTMENTS, LLC, et al., | Date:     15 September 2017 |
| Defendants. | Time:     9:00 a.m. |

# TABLE OF CONTENTS

I.     Preliminary Statement and Summary ...................................................................1

II.    Argument ............................................................................................................2

    A.  The Court May Rule on a Motion to Stay Filed in Lieu of an Answer ........................2

    B.  This Motion Effectively is a Request for Relief From Default ...................................4

    C.  Good Cause Exists to Lift or Withhold Default.............................................................5

    D.  The Keating Factors Weigh in Favor of Relief.............................................................9

III.   Conclusion ......................................................................................................11

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*Applied Materials, Inc. v. Semiconductor Spares, Inc.*,
   No. C 95-20129 RMW, 1995 U.S. Dist. LEXIS 22540 (N.D. Cal. Apr. 26, 1995) ................ 3

*Ellison Framing, Inc. v. Zurich Am. Ins. Co.*,
   805 F. Supp. 2d 1006 (E.D. Cal. 2011) ............................................................................ 1, 2

*Fariello v. Rodriguez*,
   148 F.R.D. 670 (E.D.N.Y. 1993) ........................................................................................ 5

*Fresh & Best Produce, Inc. v. Oaktown Ventures, L.L.C.* ,
   No. 16-cv-06991-BLF, 2017 WL 2533663 (N.D. Cal. June 12, 2017) .................................... 4

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
   No. C 06-6613 CW, 2007 U.S. Dist. LEXIS 13132 (N.D. Cal. Feb. 9, 2017) ........................ 3

*Heber v. United States*,
   145 F.R.D. 576 (D. Utah 1992) ...................................................................................... 4-5

*Keating v. Office of Thrift Supervision*,
   45 F.3d 322 (9th Cir. 1995) ............................................................................................ 9

*McMillen v. J.C. Penney Co.*,
   205 F.R.D. 557 (D. Nev. 2002) ........................................................................................ 5

*Meehan v. Snow*,
   652 F.2d 274 (2d Cir. 1981) ............................................................................................ 5

*SEC v. Dresser Indus., Inc.*,
   628 F.2d 1368 (D.C. Cir. 1980) ........................................................................................ 9

*Smith v. Pay-Fone Sys., Inc.*,
   627 F. Supp. 121 (N.D. Ga. 1985) .................................................................................... 2

*Sorensen v. Head USA, Inc.*,
   2006 U.S. Dist. LEXIS 79519 (S.D. Cal. Oct. 31, 2016) .................................................. 3, 4

*TCI Grp. Life Ins. Plan v. Knoebber*,
   244 F.3d 691 (9th Cir. 2001) ............................................................................... 2, 5, 6, 8

*TCI Grp. Life. Ins. Plan v. Knoebber*,
   244 F.3d 691 (9th Cir. 2001) ............................................................................................ 1

*United States v. Signed Pers. Check No. 730*,
   615 F.3d 1085 (9th Cir. 2010) ........................................................................... 2, 6, 7, 8

**Other**

Fed. R. Civ. P. 55 .................................................................................................................. 1

5 C. Wright & A. Miller *Federal Practice and Procedure* § 1360 (3d ed. & Supp. 2010)............2

Moore's Federal Practice - Civil § 55.71 ................................................................................ 4

**1. Preliminary Statement and Summary**

The SEC argues that Mr Rios's motion is procedurally barred for two reasons: (1) the motion does not constitute an "answer" to the SEC's complaint, as the Court required Rios to provide in its conditional grant of default judgment; and (2) Rios lacks standing to appear and file a motion in this matter while still in default, because he must first obtain relief from the default pursuant to Fed. R. Civ. P. 55 before filing any motion.  It also claims that relevant factors weigh against a stay of these proceedings.

It is settled law that courts may hear motions to stay proceedings when filed in lieu of and before the filing of an answer to a complaint.  *See Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) ("Several district courts have permitted a party to file a motion to stay in lieu of an answer." (citing cases)).  This is especially so when the alternative to hearing the motion to stay would be a grant of default judgment.  *Id.* at 1013 ("Because the federal policy favors resolution of disputes on the merits over default judgment, the court employs its discretion to permit defendant to file its motion for a stay in lieu of an answer.").  Accordingly, it is well within the Court's discretion to hear and decide Mr Rios' present motion to stay this civil suit despite having not yet filed an answer to the SEC's allegations.

With respect to the SEC's second argument that Mr Rios lacks standing to file this motion because he is still in default, the SEC is correct that Mr Rios must demonstrate "good cause" for the lifting of default before the Court can review his motion to stay.  *See* Fed. R. Civ. P. 55(c); s*ee also TCI Grp. Life. Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  The Ninth Circuit applies a three-part test in order to determine whether there is "good cause" to lift default: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the

1   plaintiff." *TCI Grp. Life. Ins. Plan*, 244 F.3d at 696.  Whether these factors weigh for or against

2   lifting the default against Rios is a matter for the Court's discretion.  *See United States v. Signed*

3   *Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010).  However, the Court's exercise of

4   discretion must account for the federal policy that "judgment by default is a drastic step

5   appropriate only in extreme circumstances [and that] a case should, whenever possible, be

6   decided on the merits."  *Id.*   For the reasons discussed *post*, Mr Rios suggests that this is such a

7   case.

8   **2.  Argument**

9       **A.  The Court May Rule on a Motion to Stay Filed in Lieu of an Answer**

10      It is within a court's discretion to hear a party's motion to stay proceedings filed before

11  the filing of an answer to a complaint.  *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F.

12  Supp. 2d 1006, 1012 (E.D. Cal. 2011) (citing cases).  "In light of the federal policy favor[ing]

13  resolution of disputes on the merits over default judgment," courts are especially inclined

14  towards exercising their discretion to hear such motions when the alternative to deciding the

15  motion to stay would be a grant of default judgment.  *Id.* at 1012-13 (characterizing *Smith v.*

16  *Pay-Fone Systems, Inc.*, 627 F. Supp. 121 (N.D. Ga. 1985) as "denying motion for default

17  judgment when defendant filed a late motion to stay in lieu of an answer").

18      In *Ellison Framing*, the Eastern District of California permitted a defendant to file a

19  motion to stay in lieu of an answer because "[t]he court's authority to hear 'motions to stay and

20  motions to dismiss because another action is pending' lies in the 'inherent power of a court to

21  regulate actions pending before it.'"  805 F. Supp. 2d at 1012 (quoting 5 C. Wright & A. Miller

22  *Federal Practice and Procedure* § 1360 (3d ed. & Supp. 2010)).  Although the court noted that

23  "a motion to stay is not expressly included in the list of defenses [in Rule 12(b)] that extend the

24  amount of time necessary to file an answer to a complaint," the court cited to "several district

courts [that had] permitted a party to file a motion to stay in lieu of an answer." *Id.*  In choosing to exercise its discretion to hear defendant's motion to stay, the court also pointed to "the federal policy favor[ing] resolution of disputes on the merits over default judgment" and to the fact that "[i]n its motion, defendant did [ ] specifically request that the court stay its obligation to answer." *Id.* at 1112-1113.

This Court also has exercised its discretion to hear motions to stay filed in lieu of answers in a number of cases.  For example, in *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 U.S. Dist. LEXIS 13132, at *15-*16 (N.D. Cal. Feb. 9, 2017), Judge Wilken noted that although motions to stay are "generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings, they are often considered by courts prior to the filing of an answer."  Accordingly, the Court held that despite defendant's "fail[ure] to file a responsive pleading, its motion to stay was a timely and proper filing . . . [and] entry of default is not appropriate."  *Id.* at *16; *see also Applied Materials, Inc. v. Semiconductor Spares, Inc.*, No. C 95-20129 RMW, 1995 U.S. Dist. LEXIS 22540 (N.D. Cal. Apr. 26, 1995) (ruling on defendant's motion to stay civil proceedings pending outcome of related criminal case despite being filed before an answer to plaintiff's allegations).[1]

The SEC cites *SEC v. Johnson*, No. 01-cv-7874-DTKH, Slip op. at 2-3 (S.D. Fla. Aug. 28, 2002)) in support of its position that the present motion is a "tactic to delay the inevitable."  SEC's Opposition to Motion for Stay "Opp. Brf.," 5:2-3.  Some of the *Johnson* facts indeed are similar to the facts here: in both cases a party in default belatedly filed a motion for stay of a civil suit brought by the SEC pending the outcome of parallel criminal proceedings.  *See Johnson*, No.

---

[1]    So too in the Southern District.  *See Sorensen v. Head USA, Inc.*, Case No. 06cv1434 BTM, 2006 U.S. Dist. LEXIS 79519, at *2 (S.D. Cal. Oct. 31, 2016) (holding that motions to stay are often considered by courts prior to the filing of an answer and rejecting plaintiff's motion to find defendant in default).

01-cv-7874-DTKH, Slip op. at 2.  However, the *Johnson* court did in fact address the merits of the moving party's motion for stay despite that party being in default, and it based its denial of the motion on the absence of any evidence justifying the requested stay.  *Id.  Johnson* is better understood not for the proposition that a party in default filing a motion for stay should not be considered to have filed an answer, but rather for holding that the specific motion before the court was a meritless delay tactic.

The foregoing cases counsel that resolution of cases on their merits is a sufficiently strong policy interest to permit a defendant such as Mr Rios the chance to obtain the relief he presently seeks, despite having not yet answered the complaint.  Given that Mr Rios intends to present a strong defense to the criminal matter, a good portion of which will come from Mr Gill's testimony that Mr Rios is factually and legally innocent, the Court should indulge Mr Rios's motion.

### B.  This Motion Effectively is a Request for Relief From Default

Citing *Fresh & Best Produce, Inc. v. Oaktown Ventures, LLC*, 2017 WL 2533663, at *1 (N.D. Cal. June 12, 2017), the SEC argues that Mr Rios has no standing to appear in this action and file his motion for stay until he has made a motion for lifting his default.  Opp. Brf. 5:10-21. Yet courts may consider motions filed in opposition to default judgment as motions to set aside entries of default, even absent explicit reference to Rule 55(c).  *See, e.g.* 10-55 Moore's Federal Practice - Civil § 55.71 ("Courts have treated other motions or filings as containing an implicit request for relief from default, particularly when the filing indicates an intent to seek a resolution of the case on the merits.  Similarly, opposition to a motion for default judgment may be treated as a motion to set aside the entry of default, despite the absence of a formal motion under Rule 55(c)."); *see also Heber v. United States*, 145 F.R.D. 576 (D. Utah 1992) (treating filing of late answer as analogous to motion to vacate a default because party filing the late answer received

same opportunity to present mitigating circumstances as if it had moved under Rule 55 to set aside default); *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557 (D. Nev. 2002) (same); *Fariello v. Rodriguez*, 148 F.R.D. 670, 673 (E.D.N.Y. 1993) ("[O]pposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default, despite the absence of a formal Rule 55(c) motion." (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981))).

It is incongruous for the SEC to ask the Court to refuse to consider Mr Rios's motion, filed in direct response to the Court's directive to Mr Rios to "appear and answer" in this matter, on the basis that Mr Rios lacks standing because he is in default. *See* Dkt. No. 61. This is especially true given that Rios' motion to withhold entry of default judgment was not only the very type of "opposition to a motion for a default judgment [that] can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion," *see Fariello*, 148 F.R.D. at 673 (quoting *Meehan*, 652 F.2d at 276), but was actually filed after an express order from the Court.

### C.  Good Cause Exists to Lift or Withhold Default

To reprise, in the Ninth Circuit courts apply a three-factor test in order to determine whether there is good cause for lifting a party's default: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life. Ins. Plan*, 244 F.3d at 696. The party seeking to lift the default bears the burden of establishing these factors, but courts applying the three-factor test must do so "in accord with the long-standing principle that default judgments are disfavored." *Id.* A district court may refuse to lift default and grant default judgment in only the most "extreme circumstances," and a court's failure to lift default absent such "extreme circumstances" constitutes reversible abuse of discretion. *Signed Personal Check No. 730*, 615 F.3d at 1091-92.

In *TCI Group Life Insurance*, the Ninth Circuit overturned a district court's grant of default judgment, finding that "in accord with the long-standing principle that default judgments are disfavored, [ ] the district court abused its discretion in failing to set aside the default and reach the merits." 244 F.3d at 693.  In a dispute over the benefits of a life-insurance policy, a widow with claims on the policy was placed in default in an action that was ongoing while she was moving homes and facing psychological implications from her grieving.  *Id.* at 694-95.  The district court refused to lift the widow's default, holding her failure to appear "culpable" on the basis of her knowing failure to respond despite receipt of notices in the ongoing action.  *Id.* at 694-95.  The Ninth Circuit held that "culpable" conduct required more than an intentional failure to fail to appear, but instead required misconduct that was "willful, deliberate, or evidence of [*sic*] bad faith."  *Id.* at 697.  Thus "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not *necessarily* . . . culpable or inexcusable."  *Id.* at 698.  The Ninth Circuit pointed to the defendant's fragile "mental state" following her husband's death and "her lack of familiarity with legal matters" as bases for overturning the district court and finding that her "failure to answer was not culpable."  *Id.* at 699.

In *United States v. Signed Personal Check No. 730*, the Ninth Circuit again overturned a district court's refusal to lift default against a party that stemmed from that party's misunderstanding of the legal proceedings against him.  615 F.3d 1085.  The government had seized three of the defendant's checks valued at $245,000 due to his brother's failure to list them on his custom's declaration when entering the country.  *Id.* at 1089.  When the government sent the defendant a form letter advising him of how to dispute the seizure, the defendant responded

in such a way as to inadvertently render his initial administrative dispute moot. *Id.* at 1090. Based on this misunderstanding and his belief that he had properly filed an administrative dispute, the defendant failed to respond to subsequent notices in the action brought by the government to seize the $245,000 and was placed in default. *Id.* It was only upon his subsequent receipt of notice of the government's motion for default judgment that the defendant retained counsel and moved for the lifting of default. *Id.* The district court denied defendant's motion for lifting of default. *Id.* at 1091.

The Ninth Circuit overturned the denial of defendant's motion to lift default, holding that "the district court ignored our oft stated commitment to deciding cases on the merits whenever possible, and held [the defendant], a layman working without the aid of an attorney, to the same standards to which we hold sophisticated parties acting with the benefit of legal representation." *Id.* at 1091. In addition to emphasizing that the defendant's conduct was excusable given his misunderstanding of his legal predicament and lack of counsel, the Ninth Circuit highlighted that the "the district court omitted any mention of the 'extreme circumstances' requirement for judgment by default." *Id.* at 1092. The Ninth Circuit explained that this was "no minor omission: rather, it fundamentally altered the standard, turning the court's attention to everyday oversights rather than to whether there were any extreme circumstances." *Id.* at 1091. Because the defendant had "hired a lawyer and responded with the present motion" to lift the default "[a]s soon as he received notice that a default had been entered against him and of the government's motion for judgment by default -- thus alerting him that he might have misunderstood the situation," the district court abused its discretion in failing to lift the default against the defendant. *Id.* at 1092.

While Mr Rios has no general quarrel with the SEC's factual and procedural timeline, it is important to note that Mr Rios was in custody and didn't appear in the Northern District until

24 June 2016.  At that time, his primary focus was obtaining legal counsel and release from custody.  Following his release, his primary focus was securing a stable residence and employment, caring for his young children, and attending to the demands of defending the criminal charges against him.

Other factors also are present here.  For example, like in *Signed Personal Check*, Mr Rios has been without counsel throughout the pendency of this action and he filed a motion in this case immediately upon learning of the implications of his inaction following the government's motion for default judgment.  *See* 615 F.3d at 1092.  And like the defendant in *TCI Group Life Insurance*, Mr Rios's failure to appear in this action is fairly attributable to his geographic distance from this jurisdiction and his "lack of familiarity with legal matters."  *See* 244 F.3d at 699.  Moreover, just as the Ninth Circuit found that the defendant in *TCI Group Life Insurance* was not culpable because her failure to appear was attributable to "the process of selling her home and moving herself and her two small children from California to Florida," so too may Mr Rios's default be attributed to difficulties stemming from his efforts to combat his criminal charges and re-establish stability in his life in San Diego.  *See id.*  Accordingly, this Court should find that "this is a case where a party unfamiliar with the legal system defaulted at a time of extreme personal difficulty" and whose conduct is therefore excusable.  *See id.*

Mr Rios also has a meritorious defense.  Mr Gill not only has pleaded guilty to the substantive wire fraud counts in the superseding indictment, but also is prepared to testify that there was no agreement or conspiracy with Mr Rios to commit wire fraud or any other crime. Indeed, Mr Gill is prepared to testify that Mr Rios purposely was kept in the dark regarding Mr Gill's scheme and any other potentially criminal wrongdoing involving JSG Capital.  Mr Gill

attested to the same during his plea colloquy with the Court in the criminal case[2], and both his

counsel and counsel for Mr Rios have submitted sworn declarations confirming Mr Gill's

willingness to testify to these matters under oath.[3]

Last, reopening the default judgment will not prejudice the SEC.  Mr Rios is the only

party requesting this relief.  The SEC can bring to bear a full array of resources to enforce the

judgment against Mr Gill, not to mention the restitution mechanisms provided for in the criminal

case.

### D. The *Keating* Factors Weigh in Favor of Relief

Notwithstanding SEC's claims to the contrary, the factors articulated in *Keating v. Office

of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), still weigh in favor of granting relief to

Mr Rios.

<u>Fifth Amendment Rights</u>

Although the SEC believes that Mr Rios's fifth amendment privilege must give way, it

remains that the "strongest case for deferring civil proceedings until after completion of criminal

proceedings is where a party under indictment for a serious offense is required to defend a civil

or administrative action involving the same matter."  *Securities and Exchange Commission v.

Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).  If this matter is not stayed,

Mr Rios could be required to respond to discovery requests with clear consequences to the

defense of the criminal matter.

<u>Prejudice to the SEC</u>

The SEC claims that a stay may result in diminishing witness's memories and evidence

becoming stale, Opp. Brf. 9:6-16, but it is difficult to understand how.  It already has interviewed

---

[2]    The relevant excerpt from the transcript of Mr Gill's change of plea is attached as Exhibit
A.

[3]    Copies of these declarations are collectively attached as Exhibit B.

and taken discovery from numerous witnesses.  Many of these witnesses will be fully engaged during the pendency of the criminal case, as federal law enforcement agents and the defense both continue their respective investigations in preparation for trial.  Equally important, again, is that the SEC may begin any enforcement procedures it chooses against Mr Gill.

Judicial Efficiency

This Court is presiding over both the SEC proceeding and the criminal proceeding, and the proceedings largely involve the same parties, issues, witnesses and evidence.  Further, issues passed upon and adjudicated in the criminal proceeding may have collateral estoppel effect in the SEC proceeding.  A stay will not impede judicial efficiency.

Prejudice to Non-Parties

As stated *ante*, Mr Gill has pleaded guilty to thirteen criminal counts of wire fraud, which is a substantive admission to the conduct alleged in the SEC proceedings.  He did so with full knowledge of the range of potential consequences.  Mr Rios noted in his opening brief that the SEC soon will be in a position to recoup funds from Mr Gill and any entities he controlled through its own enforcement mechanisms and, by virtue of his guilty plea, any court-ordered restitution.  To repeat, withholding judgment or staying this matter as to Mr Rios will not undermine those efforts.

Prompt Resolution of This Case

The foregoing also demonstrates that the public interest in prompt resolution has been vindicated.  The SEC has obtained injunctive relief, no business entity owned or controlled by Mr Gill is in operation, and the public and any victims harmed by Mr Gill's conduct face no further danger.

The relevant factors weigh in favor of withholding judgment in this case or staying further proceedings, pending the outcome of the criminal case.

*SEC V. JSG CAPITAL INVESTMENTS, ET AL.*, CR 16-CV-02814 JSW

1

**3. Conclusion**

2

For the reasons stated, Javier Carlos Rios respectfully requests that the Court continue to

3

withhold judgment in this case or stay further proceedings, pending the outcome of the criminal

4

case.

5

6

Dated: 29 August 2017                                    Respectfully submitted,

7

STEVEN G. KALAR
8                                                        Federal Public Defender

9                                                        /s/ Jerome E. Matthews

10

JEROME E. MATTHEWS
11                                                       Assistant Federal Public Defender

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Pages 1 - 30

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before the Honorable Jeffrey S. White, Judge

|                                  |   |                        |
|----------------------------------|---|------------------------|
| UNITED STATES OF AMERICA,        | ) |                        |
|                                  | ) |                        |
|           Plaintiff,             | ) |                        |
|                                  | ) | No. CR 16-0219 JSW     |
|      vs.                         | ) |                        |
|                                  | ) |                        |
| JASWANT SINGH GILL,              | ) |                        |
|                                  | ) | Change of Plea         |
|           Defendant.             | ) |                        |
|                                  | ) |                        |

Oakland, California
Tuesday, August 1, 2017
2:00 p.m.

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:          BRIAN J. STRETCH
                        United States Attorney
                        450 Golden Gate Avenue
                        San Francisco, California 94102
                   BY:  LLOYD A. FARNHAM
                        ASSISTANT UNITED STATES ATTORNEY


For Defendant:          LAW OFFICE OF DARLENE BAGLEY COMSTEDT
                        2358 Market Street
                        San Francisco, California 94114
                   BY:  DARLENE BAGLEY COMSTEDT
                        ATTORNEY AT LAW


Reported By:  Sarah Goekler, CSR No. 13446, RMR, CRR, CCRR
              Official Reporter

   *Proceedings recorded by mechanical stenography; transcript
          produced by computer-aided transcription*

1   or, in fact, is guilty, I always ask a defendant in your

2   situation -- it's not a trick question; I just want to know.

3      Tell me in your own words what you did that leads you to

4   believe that you should plead guilty to this offense.

5      **THE DEFENDANT:**  I was the one that authorized the

6   wires to be received and then paid the previous investors with

7   the money that I received that came in initially.

8      So I was the only one that did the wires, and I was the

9   one that opened the bank accounts initially with the help of

10   Mr. Rios.  He was not involved with the wires at all; I was the

11   one that instructed what went out and what came in.  And that

12   happened for a period of a few months.

13      **THE COURT:**  And was this for the purpose of intending

14   to defraud the investors?

15      **THE DEFENDANT:**  It wasn't the intent, but that was

16   the outcome.

17      **THE COURT:**  All right.  Did you understand -- when

18   you made these withdrawals to make these payments, did you

19   understand they were unauthorized?

20      **THE DEFENDANT:**  Correct.  Yes, Your Honor.

21      **THE COURT:**  All right.  What I'm going to do now is

22   I'm going to ask the Government -- oh.  And I should add the

23   following as well.

24      Attached to your application to plead guilty is a

25   one-page -- a yellow page which purports to have admissions as

I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.


Dated:   August 28, 2017

_____

Sarah L. Goekler, CSR 13446, RMR, CRR, CCRR

U.S. Court Reporter

# EXHIBIT B

1   STEVEN G. KALAR
    Federal Public Defender
2   JEROME E. MATTHEWS
    Assistant Federal Public Defender
3   1301 Clay Street, Suite 1350N
    Oakland, CA 94612
4   Telephone:   (510) 637-3500
    Facsimile:   (510) 637-3507
5
    Counsel for Defendant JAVIER RIOS
6

7

8                   UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11   UNITED STATES OF AMERICA,          )   No. CR 16 00219 JSW
                                        )
12                          Plaintiff,  )   **DECLARATION OF ASSISTANT**
                                        )   **FEDERAL PUBLIC DEFENDER**
13          v.                          )   **JEROME E. MATTHEWS IN SUPPORT**
                                        )   **OF MOTION TO SEVER TRIALS**
14   JAVIER RIOS,                       )
                                        )   **Date:   3 October 2017**
15                                      )   **Time:   1:00 p.m.**
                            Defendant.  )   **Judge:  Jeffrey S. White**
16                                      )

17

18          I, Jerome E. Matthews, declare:

19      1.  I am an Assistant Federal Public Defender and I am counsel of record for defendant Javier

20          Rios in this matter.  I have personal knowledge of the facts stated in this declaration and

21          would testify under oath to these facts if called as a witness.

22      2.  Throughout the course of this case, defendant Jaswant Singh Gill, through his counsel, has

23          stated that defendant Javier Rios is innocent of the charges against him.  Mr Gill also has

24          expressed his willingness to testify as a defense witness in Mr Rios's trial.

25      3.  On 28 July 2017, I met with Mr Gill and his counsel, Darlene Comstedt, at Glenn Dyer Jail.

26          Mr Gill told me that he was willing to testify as a defense witness in Mr Rios's trial.  More

27          specifically, Mr Gill stated that Mr Rios was unsophisticated, knew nothing about Mr Gill's

28          scheme to commit fraud, and did not make wire transfers to carry out the fraud as charged in

the superseding indictment.  Mr Gill would further testify about the steps he took to conceal fraudulent activity from Mr Rios.

4.  I have conferred with Darlene Comstedt regarding the representations made in this declaration.  She concurs and has stated that she intends to file her own declaration to the same effect.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 22 day of August 2017 at Oakland, California.

JEROME E. MATTHEWS
Assistant Federal Public Defender

DARLENE BAGLEY COMSTEDT (CABN 284025)
LAW OFFICE OF DARLENE BAGLEY COMSTEDT
2358 Market Street
San Francisco, CA 94114
Telephone: (415) 840-7365
Facsimile: (415) 840-7183
darlene@comstedtlaw.com

Attorney for Defendant
JASWANT SINGH GILL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-16-00219-JSW |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF DARLENE B. COMSTEDT IN SUPPORT OF DEFENDANT JAVIER RIOS' MOTION TO SEVER TRIALS** |
| JAVIER RIOS, | |
| Defendant. | Date:   October 3, 2017<br>Time:   1:00 p.m.<br>Judge: Hon. Jeffery S. White |

1.      I, Darlene B. Comstedt, declare under penalty of perjury that:

2.      I am counsel in this matter for defendant Jaswant Singh Gill, who is named as a defendant along with Javier Rios in the above-captioned case.

3.      I have entered into a joint defense agreement with Jerome Matthews, counsel for Mr. Rios. Under that agreement, Mr. Matthews has participated in discussions of the facts of the case with Mr. Gill. By the terms of the joint defense agreement, counsel for one defendant may not reveal to

-1-

**DECLARATION OF DARLENE B. COMSTEDT**

anyone any information obtained in such discussions without the express consent of counsel for the other defendant.

4.        I have consented to Mr. Matthews submitting information obtained from my client, Mr. Gill, to this Court regarding his intention to testify on behalf of Mr. Rios in a separate trial.

5.        Mr. Gill has prior state felony convictions for economic crimes. At this time, my assessment is that Mr. Gill may exercise his constitutional right not to testify at his own trial, as the benefits of his testimony are likely to be outweighed by the prejudice he would suffer from being impeached on the stand with his prior convictions.

6.        I have reviewed Mr. Matthews' summary of the information he has obtained in our joint discussions from Mr. Gill. I can affirm that Mr. Gill has in fact provided the information that there was no conspiracy with Mr. Rios to commit wire fraud or any other crime, is adamant that such information is true and correct, and is firm in his desire to so testify as a defense witness on behalf of Mr. Rios if he is tried separately.

7.        I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

        Executed this 22nd day of August, 2017, at San Francisco California.

                                        _____
                                        DARLENE BAGLEY COMSTEDT
                                        Attorney for Jaswant Singh Gill

1

2               CERTIFICATE OF SERVICE

3        SECURITIES AND EXCHANGE COMMISSION
                         V.
4         JSG CAPITAL INVESTMENTS, LLC, ET AL.

5             CASE NO. 4:16-CV-02814 JSW

6

7        The undersigned hereby certifies under penalty of perjury that a true copy of the

8    foregoing:

9

10   **JAVIER RIOS'S REPLY IN SUPPORT OF MOTION REQUESTING
     WITHHOLDING OF DEFAULT JUDGMENT OR ALTERNATIVELY TO STAY
11   SEC CIVIL PROCEEDING**

12       was mailed via U.S. Postal Service to:

13
     Jason Mark Habermeyer
14   United States Securities & Exchange Commission
     44 Montgomery Street
15   Suite 2800
     San Francisco, CA 94102
16   (415) 415-705-2500

17   Andrew Jacob Hefty
     United States Securities & Exchange Commission
18   44 Montgomery Street
     Suite 2800
19   San Francisco, CA 94102
     (415) 415-705-2500

20
     Ruth Landis Hawley
21   United States Securities & Exchange Commission
     44 Montgomery Street
22   Suite 2800
     San Francisco, CA 94102
23   (415) 415-705-2500

24

25

26

27

28

1

2

3

August 29, 2017
Dated

ADRENA WILLIAMS
Legal Assistant
FEDERAL PUBLIC DEFENDER
1301 Clay Street, Suite 1350N
Oakland, CA 94612