UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JSG CAPITAL INVESTMENTS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-02814-JSW<br><br>**ORDER GRANTING DEFENDANT RIOS RELIEF FROM ENTRY OF DEFAULT AND STAYING THIS ACTION AS TO DEFENDANT RIOS AND CONFIRMING DEFAULT JUDGMENT AS TO THE OTHER DEFENDANTS**<br><br>Re: Dkt. No. 64 |

Now before the Court is the motion filed by Defendant Javier Carlos Rios requesting that the Court withhold entry of default judgment or stay this action. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court construes Defendant Rios's motion as a motion for relief from entry of default and to stay this action. So construed, the motion is GRANTED. Defendant Rios's default is set aside and this action is stayed as to Defendant Rios.

The other Defendants, however, have failed to appear in any way in this action despite being explicitly warned that their failure to do so will result in the entry of a default judgment against them. Consistent with the Court's warning, the Court will enter default judgment against Defendants Jaswant S. Gill; JSG Capital Investments, LLC; JSG Capital LLC; JSG Capital, LLC; and JSG Enterprises, LLC. The SEC is ordered to file an amended proposed judgment by 5:00pm on Tuesday, September 12, 2017.

## BACKGROUND

On May 24, 2017, Defendant Rios, along with Jaswant S. Gill, was indicted for wire fraud

1   and conspiracy to commit to commit wire fraud. *See United States v. Rios*, No. 16-CR-219 JSW,

2   Dkt. No. 1 (N.D. Cal. May 24, 2017). The following day, the Securities and Exchange

3   Commission ("SEC") filed the instant civil enforcement action against Defendant Rios, Gill, and

4   three limited liability companies allegedly associated with Defendant Rios and Gill. (Dkt. No. 1,

5   Complaint.) The SEC alleged that Defendant Rios and Gill pitched various entities as legitimate

6   investment firms to obtain money from middle-class investors. (*Id.* ¶ 3.) In reality, the SEC

7   claims these entities were nothing more than a "classic investment scam and Ponzi scheme." (*Id.*

8   ¶ 4.)

9   Along with the Complaint, the SEC filed an ex parte motion for a temporary restraining

10  order. (Dkt. No. 3.) The same day, this Court established a briefing schedule regarding the

11  requested temporary restraining order, and required that the SEC serve a copy of that order on

12  each defendant. (Dkt. No. 17.) The SEC promptly filed a certificate of service showing that e-

13  mails and phone messages were left for Defendant Rios and Gill (along with the LLC defendants).

14  (Dkt. No. 18.) No defendant filed briefs in opposition to the motion for a temporary restraining

15  order and the temporary restraining order was issued on May 27, 2016. (Dkt. No. 24.) The

16  temporary restraining order established a briefing schedule and hearing date to determine whether

17  a preliminary injunction was proper. (*Id.* at 8.) Defendants were served with this order. (Dkt.

18  Nos. 26-28.) A hearing on the request for a preliminary injunction was held on June 10, 2016.

19  (Dkt. No. 33.) No defendant appeared, and the court issued a written ruling that day granting the

20  motion for preliminary injunction. (Dkt. No. 34.)

21  Defendant Rios was arraigned in his criminal case on June 24, 2016. (*United States v.

22  Rios*, No. 16-CR-219 JSW, Dkt. No. 7.) Defendant Rios was remanded to custody, where he

23  remained until July 14, 2016 when he was released on bond. (*Id.*, Dkt. No. 17.)

24  Defendant Rios never filed an answer to the SEC's Complaint. On August 17, 2017, the

25  SEC filed a case management statement in anticipation of the initial case management conference.

26  As to Defendant Rios, this statement provided:

27   > Individual defendant Javier Rios was confined and
28   > subsequently released on bond in the related criminal matter United
     > States v. Jaswant Gill, et al., No. 3:16-cr-0219-JSW. He is

|   |   |
|---|---|
| 1 | represented in that matter by Jerome Matthews.  Mr. Matthews informed the Commission that he does not represent Rios in this civil matter, but asked that the Commission not speak with his client, and stated he would instruct his client to not speak to the Commission. |

(Dkt. No. 41, at 2.)  The Court held the initial case management conference on August 26, 2016.

(Dkt. No. 43.)  No defendant appeared at the case management conference.  (*Id.*)

On August 29, 2017, the Court issued an "Order to Defendants Re Appearances and Counsel and Order to Plaintiff Re Service."  (Dkt. No. 45.)  This Order advised the defendants of the need for the LLC defendants to appear via counsel.  (*Id.* at 1.)  The Court then stated:

> The Court further notifies all Defendants, including the LLC Defendants and the individual Defendants, that if they fail to appear and defend this action in compliance with all applicable rules and other law, this case will proceed in their absence and the Court may enter a default judgment against them.

(*Id.* at 2 (citing Fed. R. Civ. P. 55).)  The SEC served this Order on all defendants the following day.  (Dkt. No. 46.)  Despite the Court's unambiguous warning, Defendant Rios took no action to appear in this action and either defend himself or seek a stay of proceedings.

On February 9, 2017, the SEC filed a motion for entry of default against Defendant Rios. (Dkt. No. 50.)[1]  The clerk entered default on February 10, 2017.  (Dkt. No. 51.)

On February 15, 2017, the SEC filed a motion for default judgment as to all defendants. (Dkt. No. 52.)  In addition to the motion, the SEC filed, and served on Defendant Rios, a notice warning that default had been entered and a motion for default judgment filed.  (Dkt. No. 53; *see also* Dkt. No. 52, at 15 (certificate of service).)  This notice included the following warning:

> The Court has entered a default against you.  Generally, Rule 55 allows for judgment to be entered against a party who is in default because of a failure to defend against the action.  If the Court enters the default judgment that the Commission requests, it will end the case against you.  If you do not respond to the Commission's motion, or request that the Court set aside the entry of default, judgment, if appropriate, may be entered against you.  If the Commission's motion for default judgment is granted, a judgment will be entered against you and there will be no trial.

(Dkt. No. 53, at 2.)  Despite this warning, Defendant Rios never opposed or otherwise responded

---

[1] The SEC had successfully obtained entry of default as to the LLC defendants in October 2016. (Dkt. Nos. 47, 48, 49.)

3

to the motion for default judgment. Defendant Rios was clearly aware of the pending motion for default judgment, as his federal public defender discussed it at a status conference (with Defendant appearing telephonically) in Defendant Rios's criminal case on March 14, 2017. (*United States v. Rios*, No. 16-cr-219, Dkt. No. 34.).

This Court referred the SEC's motion for default judgment to a magistrate judge for a report and recommendation. On June 30, 2017, Chief Magistrate Judge Spero issued a report and recommendation recommending that the Court grant the SEC's motion. (Dkt. No. 59.) Judge Spero's report and recommendation concluded by advising that "[a]ny party may file objections to the recommendations herein within fourteen days of being served with a copy of this report." (*Id.* at 21.) Despite this advisement, Defendant Rios filed no objection to the report and recommendation.

On July 28, 2017, the Court issued an order adopting Judge Spero's report and recommendation and granted the SEC's motion for default judgment. (Dkt. No. 61.) Pursuant to Judge Spero's recommendation, however, the Court "withh[e]ld judgment in this case to permit Defendants one final opportunity to appear and answer the SEC's allegations." (*Id.* at 1.)

Finally, On August 8, 2017, Defendant Rios appeared through his federal public defender asking the Court to "withhold" entry of default judgment or, in the alternative, to stay this proceeding. (Dkt. No. 67.) This motion was filed: (1) 440 days after Defendant first received notice of this case and that the SEC was pursuing a TRO; (2) 424 days after the Court issued a preliminary injunction; (3) 390 days after Defendant was released from criminal custody on bond; (4) 344 days after the initial case management conference was held and the Court warned Defendant of the consequences of default; (5) 179 days after the Clerk entered default against Defendant; and (6) 30 days after a report and recommendation was issued which recommended that default judgment be entered.

**DISCUSSION**

Defendant Rios has styled his motion as one seeking to have the Court withhold default judgment or, alternatively, to stay this case. The SEC argues that the Court should not consider the motion because Defendant Rios has not sought relief from the Clerk's entry of default. The

4

SEC is correct that, in general, "'[t]he Clerk of Court's entry of default cuts off a defendant's right to appear in an action.'" *Verliant Energy, Inc. v. Barry*, No. 14-cv-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015) (quoting *Transmerica Life Ins. Co. v. Shubin*, No. 11-cv-01958-LJO, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012)). Given the strong interest in having cases adjudicated on their merits, as well as Defendant Rios's now asserted (but quite belated) interest in appearing in this action, the Court will construe the motion as one requesting relief from default. *See, e.g.*, *Dotson v. Chater*, No. 96-cv-0689-MHP, 1998 WL 164945 (N.D. Cal. Mar. 2, 1998) ("[T]here is substantial authority that courts should liberally construe the Federal Rules affording relief from default because cases should be resolved on their merits.").[2]

### A. The Court Grants Defendant's Request for Relief from Default.

Under Federal Rule of Federal Procedure 55, the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In its prior order, the Court granted the SEC's motion for default judgment but, consistent with Judge Spero's report and recommendation, formally "withh[e]ld judgment in this case to permit Defendants one final opportunity to appear." (Dkt. No. 61, at 1.) Thus, while the Court granted the motion for default judgment, no judgment has actually been entered. Consequently, the Court will apply the "good cause" applicable to setting aside a Clerk's entry of default.

To determine if "good cause" exists to relieve a defendant from entry of default, the Court must "'consider[] three factors: (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice'" the other party. *United States v. Signed Personal Check NO. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). This test is disjunctive; a finding that any of these three factors is present is sufficient for the Court to refuse to set aside default. *See id.* The Ninth Circuit, however, has commanded that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever

---

[2] For similar reasons, the Court rejects the SEC's argument that Defendant has failed to comply with the Court's prior order by not filing an answer to the SEC's complaint.

1  possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

2  Starting first with the question of prejudice, in its opposition brief, the SEC does not even
3  argue that it will suffer any cognizable prejudice should the Court grant Defendant relief from
4  default. This factor is therefore not present.

5  To satisfy the "meritorious defense" element, the defendant "must present specific facts
6  that would constitute a defense." *Mesle*, 615 F.3d at 1094. While "specific facts" are needed, the
7  Ninth Circuit has stated this burden is of a "minimal nature" and "not extraordinarily heavy." *Id.*
8  The defendant simply must "'allege sufficient facts that, if true, would constitute a defense.'" *Id.*
9  (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)). Here,
10 Defendant argues that he has a defense to the SEC's claims because his co-defendant Gill has
11 already "pleaded guilty to the substantive wire fraud counts" in his criminal case and is "prepared
12 to testify that there was no agreement or conspiracy with Mr. Rios to commit wire fraud" and that
13 Defendant Rios was "purposely kept in the dark regarding Mr. Gill's scheme." (Reply Br. at 8.)
14 Defendant Rios is correct that Gill has plead guilty to substantive wire fraud charges relating to the
15 underlying scheme alleged in the SEC's complaint. *See United States v. Gill*, No. 16-cr-219, Dkt.
16 No. 56. (N.D. Cal. Aug. 2, 2017). The SEC may strenuously dispute the extent to which
17 Defendant Rios's co-defendants claims regarding Defendant Rios's involvement in the alleged
18 scheme have merit. Taking Defendant Rios's assertions as true, however, he has demonstrated a
19 potentially meritorious defense to the SEC's claims.

20 The "culpable conduct" element is a closer inquiry. The Ninth Circuit has stated that a
21 "'defendant's conduct is culpable if he has received actual or constructive notice of the filing of
22 the action and *intentionally* failed to answer.'" *TCI Group*, 244 F.3d at 697 (emphasis in original)
23 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). It is
24 undeniable that Defendant had actual notice of this action. Further, given his knowledge of this
25 action and the Court's *repeated* warnings regarding the consequences of not appearing, it would
26 appear that Defendant's failure to answer was "intentional" under any commonly understood
27 definition of that term.

28 In this context, however, the Ninth Circuit has stated that "intentionally" means that a

"movant cannot be treated as culpable simply for having made a conscious choice not to answer." *Mesle*, 615 F.3d at 1092. Instead, the failure to answer will be deemed culpable only where the "movant . . . acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Group*, 244 F.3d at 697).

Defendant Rios argues that Defendant's default is attributable to the "difficulties stemming from his efforts to combat his criminal charges and re-establish stability in his life in San Diego." (Reply Br. at 8.) On one hand, this argument strains credulity given the fact that Defendant Rios has been released from criminal custody for over a year, is represented in his criminal case by an extremely competent assistant federal public defender, and the Court has routinely allowed Defendant Rios to appear at his criminal proceedings telephonically. *See United States v. Rios*, 16-cr-219, Dkt. Nos. 29, 34, 49, 57.) Further, the Court is troubled by Defendant Rios's, and his counsel's, delay in appearing in this action. To the extent Defendant Rios was concerned about the Fifth Amendment implications of defending against the SEC's civil claims, the proper recourse was to appear and file a motion to stay. Ignoring repeated warnings of the Court and choosing to step in only at the last second raises the specter of bad faith (or, at very least, "disrespect for the courts"). *TCI Group*, 244 F.3d at 699.

On the other hand, the Court recognizes that being under a federal criminal indictment is an incredibly stressful affair and results in a dramatic upheaval in the life of the criminal defendant (as well as his or her family). In light of this, and given the extraordinarily lenient reading the Ninth Circuit gives the "culpable conduct" element, the Court cannot say, on the record before it, that Defendant Rios's failure to appear is the result of "culpable conduct." *Cf. Id.* ("[T]his is a case where a party unfamiliar with the legal system defaulted at a time of extreme personal difficulty . . . .").

Because default judgment should be granted only in "extreme circumstances," *Mesle*, 615 F.3d at 1089, the Court concludes that Defendant Rios has established "good cause" to grant relief from default. In so holding, the Court does not condone (in any way) Defendant Rios's total dereliction of his duty to appear in this action for over a year. Defendant Rios is warned that

1  going forward, the Court will hold him to strict compliance with the Court's orders and all
2  applicable rules of procedure.  Future noncompliance, or failure to litigate this action as required,
3  will result in the imposition of appropriate sanctions.

**B.     The Court Will Stay this Action Pending Resolution of Defendant's Criminal Case.**

In addition to seeking relief from his default, Defendant Rios also requests that this Court stay this action pending resolution of the criminal proceedings.  "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  At the same time, "'a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem [] to require such an action.'"  *Id.* (quoting *S.E.C. v. Dresser Indus.*, 628 F.2d 1367, 1375 (D.C. Cir. 1980)).  In deciding whether to stay a civil proceeding, a court should generally consider "'the extent to which the defendant's fifth amendment rights are implicated.'" *Id.* (quoting *Fe. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  Additionally, the court should consider: (1) the interest of the plaintiff in proceeding expeditiously with the litigation and any prejudice to plaintiffs caused by the delay; (2) the burden which the proceedings may impose on defendants; (3) convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the litigation and (5) the interest of the public in pending civil and criminal litigation.  *See id.*

In this action, Defendant Rios's Fifth Amendment rights are at least *implicated* by this civil action.  This civil action is based on the same set of facts as Defendant Rios's criminal proceedings.  "[T]he strongest cases for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.  The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery . . . , expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case."  *Dresser*, 628 F.2dc at 1375-76.  The SEC argues that Defendant Rios has not appeared and invoked his Fifth Amendment rights and, therefore, they are not yet at issue.  It also contends that Defendant Rios can still respond to this

case with information that does not tend to incriminate him. (Opposition at 8.)

While the SEC is correct in a technical matter, the Court finds that the nearly identical scope of the civil and criminal proceedings, the likelihood of this case proceeding very far prior to Defendant Rios invoking his Fifth Amendment rights to be remote. This also implicates the "efficient use of judicial resources" element. The Court believes that proceeding with this case, but only to the extent Defendant Rios can respond with non-self incriminating information, runs the risk of frequent and repeated motion practice regarding the scope and force of the Fifth Amendment privilege. Staying this action, therefore, is not only the safer course of action to ensure a constitutionally sound criminal process, but also to ensure the efficient use of judicial resources.[3]

The Court recognizes that the SEC has an interest in proceeding expeditiously with this case. The Court finds, however, that this interest is mitigated, somewhat, by the fact that the SEC has secured a preliminary injunction preventing Defendant Rios from, among other things, selling or purchasing securities or advertising the same. In addition, certain bank accounts associated with Defendant Rios have been frozen. (*See* D.Ct. Dkt. No. 34.)[4] This preliminary injunction will protect the public interest during the pendency of the stay.

The SEC argues that certain non-parties, specifically the alleged victim of the defendants' scheme, would be prejudiced by an indefinite stay as it will prevent the SEC from recovering the money allegedly stolen by the defendants. The Court finds any such prejudice to be minimized, to a degree, by the fact that (as discussed below) the Court will be entering default judgments against Defendant Gill and the LLC defendants. The SEC is, therefore, free to proceed to enforcement against those defendants.

On balance, the Court finds that staying this action as to Defendant Rios is proper in order

---

[3] To the extent that the Court ultimately grants Defendant Rios's and Gill's motion to change the venue of their criminal case to the Southern District of California, *see United States v. Rios*, No. 16-cr-219, Dkt. No. 59, the judicial resource element would weigh even stronger in favor of a stay. The Court would not be inclined to proceed with a civil action with could potentially impact a criminal proceeding before a sister district court.

[4] Defendant Rios is advised that nothing in this order alters the applicability of this preliminary injunction. Defendant Rios remains fully bound by the preliminary injunction.

to ensure that Defendant Rios's Fifth Amendment rights are not undermined.

### C. Default Judgment Is to Be Entered Against the Remaining Defendants.

In its prior order, the Court warned that if "Defendants have failed to appear and answer the SEC's allegations, the Court will enter the SEC's proposed amended judgment." (Dkt. No. 61, at 2.) Over one month has passed since the Court issued this order. Defendants Jaswant S. Gill; JSG Capital Investments, LLC; JSG Capital LLC; JSG Capital, LLC; and JSG Enterprises, LLC have not in any way appeared. Their opportunity to do so has now closed.

By **5:00pm on Tuesday, September 12, 2017**, the SEC shall file an amended proposed judgment against the above listed Defendants. For purposes of this amended proposed judgment, the SEC shall use the disgorgement and civil penalty amounts adopted in Judge Spero's report and recommendation.

## CONCLUSION

For the foregoing reasons, Defendant Rios's motion requesting withholding of default judgment is construed as a motion for relief from default. So construed, the motion is GRANTED. Defendant's motion to stay this action is GRANTED.

As to Defendants Jaswant S. Gill; JSG Capital Investments, LLC; JSG Capital LLC; JSG Capital, LLC; and JSG Enterprises, LLC, the Court will enter default judgment upon the SEC's filing of an amended proposed judgment as to these defendants only. The SEC shall file this amended proposed judgment by 5:00pm on Tuesday, September 12, 2017.

**IT IS SO ORDERED.**

Dated: September 11, 2017

_____
JEFFREY S. WHITE
United States District Judge